IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Keith Wayne Inabinet, | ) | Civil Action No. 2:11-cv-2118-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Officer P. Krasowski and | ) | |
| City of Charleston, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Keith Wayne Inabinet (the "plaintiff"), was arrested by the defendant Officer P. Krasowski ("Krasowski") on July 25, 2011. During the time the plaintiff was detained at the Charleston County Detention Center, he filed this pro se action against Krasowski and the City of Charleston, seeking relief pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R&R"). The magistrate judge's order of September 21, 2011, which authorized service of process and set forth the deadlines for filing dispositive motions, specifically advised the pro se plaintiff that he was responsible for notifying the court in writing if his address changed, and warned that his case may be dismissed if he violated this order.

On September 21, 2011, the magistrate judge issued an R&R recommending that the City of Charleston be dismissed from the case (ECF No. 9), and the clerk of court mailed a copy of the R&R to the plaintiff at the Charleston County Detention Center. The R&R was returned as undeliverable on October 3, 2011. (ECF No. 14). The clerk of court learned of the plaintiff's



change of address when the plaintiff returned Krasowski's executed summons to the clerk on October 28, 2011. (ECF No. 15). The clerk of court re-mailed a copy of the R&R to the plaintiff on November 7, 2011.

On December 19, 2011, Krasowski and the City of Charleston filed a motion for summary judgment. (ECF No. 25). On December 20, 2011, the magistrate judge issued an order pursuant to Roseboro v. Garrison, 528 F. 2d 309 (4th Cir. 1975), advising the pro se plaintiff of the summary judgment procedure and the possible consequences if he failed to adequately respond. (ECF No. 26). Despite this explanation, the plaintiff did not respond to the defendants' motion for summary judgment. Therefore, on January 25, 2012, the magistrate judge issued an order advising the pro se plaintiff that it appeared to the Court that he was not opposing the motion and wished to abandon this action, and allowing the plaintiff an additional ten days in which to file his response to the defendants' motion for summary judgment. The magistrate judge's order specifically warned the plaintiff that if he failed to respond, the action would be recommended for dismissal with prejudice for failure to prosecute. (ECF No. 28).

The plaintiff did not file a response to the defendants' motion. Accordingly, on February 7, 2012, the magistrate judge issued an R&R recommending that the action be dismissed with prejudice for lack of prosecution. (ECF No. 31). On February 17, 2012, the plaintiff filed a "Motion to Dismiss" which stated, *in toto*: "Plaintiff moves to dismiss his complaint without prejudice. So moved." (ECF No. 33). The defendants filed a response in opposition to the plaintiff's motion to dismiss, arguing that the plaintiff had not provided any reason for failing to file a response to the defendants' motion for summary judgment, and had not provided any reason for seeking a dismissal without prejudice.



Page 2 of 4

This matter is now before the Court for disposition. The Court is charged with making a de novo determination of any portions of the magistrate judge's recommendation to which a specific objection is made. 28 U.S.C. § 636(b). The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). The Court may accept, reject, or modify, in whole or in part, the report and recommendation, or recommit the matter with instructions. 28 U.S.C. §636(b)(1).

As a threshold matter, the plaintiff's February 17, 2012 filing cannot be construed as an objection to the magistrate judge's R&R. In the absence of objections to the R&R, this Court is not required to provide an explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the R&R results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).



After carefully reviewing the applicable law, the record in this case, and the R&Rs filed by the magistrate judges, the Court finds the magistrate judges' R&Rs fairly and accurately summarize the facts and apply the correct principles of law.[1] The Court, therefore, adopts these R&Rs in full (ECF Nos. 9, 31) and incorporates both herein. It is ordered that this case is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982). The defendants' motion for summary judgment (ECF No. 25) is denied as moot, and the plaintiff's motion to dismiss without prejudice (ECF No. 33) is denied.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

June 12, 2012
Charleston, South Carolina

---

[1] The initial R&R was issued by Magistrate Judge Bruce Howe Hendricks. Later, the case was transferred to Magistrate Judge Bristow Marchant, who issued the second R&R.